# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-4181 |
| JEFFREY BEARD ET AL. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                                                  **JULY 21, 2020**

Presently before the Court in this state capital habeas proceeding is Petitioner George Lopez's Motion for Judgment on Claim XVII of his Petition for Habeas Corpus. (ECF No. 135.)[1]

Lopez was sentenced to death in 1996, following his conviction for first-degree murder, robbery, and conspiracy in the Lehigh County Court of Common Pleas. At Lopez's trial, one of his coconspirators, Miguel Moreno, testified on behalf of the prosecution. Moreno testified that in exchange for his testimony, he would be spared the death penalty. Ultimately, Moreno entered a plea of guilty to third-degree murder and robbery and was sentenced to 20 - 40 years' imprisonment.

According to Lopez, the prosecution committed a *Brady* violation by failing to disclose its whole deal with Moreno, that in exchange for his testimony against Lopez, Moreno would not only avoid the death penalty, but he would also receive a significantly reduced charge of third-degree murder and a significantly reduced sentence. Lopez contends that had the jury known

---

[1] The Court has already issued two memoranda, which addressed the facts and procedural background of this matter at length. *See*, *e.g.*, *Lopez v. Beard*, No. 04-4181, 2019 WL 2162300 (E.D. Pa. May 16, 2019); *Lopez v. Beard*, No. 04-4181, 2017 WL 1293389 (E.D. Pa. Mar. 3, 2017). We will not restate that background information here.

about the whole deal, the jury would have evaluated Moreno's testimony differently and would have reached a different verdict.

A court must "examine three factors in determining if a *Brady* violation has occurred: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'"  *Wilson v. Beard*, 589 F.3d 651, 659 (3d Cir. 2009) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).  "Ultimately, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.'"  *Id*. (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Addressing first the evidentiary components of the *Brady* analysis, we consider whether the Commonwealth suppressed evidence favorable to Lopez, i.e., an additional agreement between the prosecution and Moreno.  We previously granted Lopez leave to conduct discovery on this issue.  *See Lopez*, 2019 WL 2162300, at *4; *Lopez*, 2017 WL 1293389, at *7.  In his Motion, Lopez contends that his "discovery efforts have been largely fruitless as none of the witnesses have a recollection of the events sufficient to explain the Moreno anomaly."  (Mot. 8, ECF No. 135.)  However, despite having no substantive evidence to support his claim, he then goes on to argue that "[i]t is hard, if not impossible, to imagine, that the Commonwealth agreed to only remove the death sentence but failed to reach at least an implicit agreement as to what Moreno's cooperation would ultimately yield to him."  (*Id*. at 15.)

We reject Lopez's argument.  "When seeking habeas relief, the burden is on the petitioner to prove that his rights have been violated.  Speculation and conjecture will not satisfy this burden."  *Sargent v. Armontrout*, 841 F.2d 220, 226 (8th Cir. 1988); *see also United States v.*

*Ramos*, 27 F.3d 65, 71 (3d Cir. 1994) ("We think it unwise to infer the existence of *Brady* material based upon speculation alone."); *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) (holding that "[a] federal habeas corpus petitioner has the burden of proving all facts entitling him to a discharge from custody"); *Gay v. Wilson*, No. 07-1119, 2007 WL 2823659, at *13 (E.D. Pa. Sept. 24, 2007) ("declin[ing] to speculate on matters within petitioner's burden of proof"). Lopez's position is based on sheer speculation. Accordingly, he cannot meet his burden of proof.

Lopez's claim also fails on the prejudice prong of the *Brady* analysis. The Third Circuit has held that "'[w]hen a witness's credibility has already been substantially called into question *in the same respects* by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a *Brady* claim.'" *United States v. Walker*, 657 F.3d 160, 186 (3d Cir. 2011) (emphasis in original) (quoting *Tankleff v. Senkowski*, 135 F.3d 235, 251 (2d Cir. 1998)). The Sixth Circuit has applied this principle to cases in which the prosecution has only disclosed part of a witness's cooperation deal. *See Stines v. United States*, 571 F. App'x 384, 389-90 (6th Cir. 2014); *Jefferson v. United States*, 730 F.3d 537, 550 (6th Cir. 2013). In *Stines*, the court held that "any evidence clarifying the nature of promises or assurances made [to cooperating witnesses] would appear to be 'merely cumulative' and therefore not 'material' for *Brady* purposes." 571 F. App'x at 389. The court reasoned that once the jury had "been made aware of the incentives each witness had to testify in a manner favorable to the prosecution," "additional impeachment evidence would not have 'put the whole case in such a different light as to undermine confidence in the verdict.'" *Id.* at 390 (quoting *Jefferson*, 730 F.3d at 553).

This reasoning applies here. There is no dispute that the jury knew that Moreno was being spared the death penalty in exchange for his testimony. The jury knew Moreno's motives

3

in testifying and that he had an incentive to please the Commonwealth.  Even if there was an understanding under which Moreno would be given an even lighter sentence, evidence of that understanding, for impeachment purposes, would be cumulative and immaterial.  Accordingly, Lopez has failed to meet *Brady*'s prejudice requirement.

  For these reasons, we will deny Petitioner's Motion.  An appropriate order follows.


               **BY THE COURT:**


               **/s/ R. Barclay Surrick**
               **R. BARCLAY SURRICK, J.**